# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 97-4067

———————

United States of America,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　　　　*　Southern District of Iowa.
Nicholas Shan Cole,　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　*　　　[UNPUBLISHED]
　　　　　　　　Appellant.　　　　　　　　*

———————

Submitted: July 7, 1998
Filed: July 10, 1998

———————

Before BOWMAN, Chief Judge, WOLLMAN, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Pursuant to a written plea agreement, Nicholas Shan Cole pleaded guilty to conspiring to distribute cocaine base, and to possessing it with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1994). The District Court[1] sentenced him to 292 months' imprisonment and five years' supervised release. On appeal, counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and

———————

[1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

although we granted Cole permission to file a pro se supplemental brief, he has not done so. We affirm.

The first issue raised in the <u>Anders</u> brief is whether the District Court abused its discretion in selecting Cole's sentence. Cole was sentenced at the bottom of the applicable Guidelines sentencing range, and counsel does not contend that the District Court misapplied the Guidelines in calculating the applicable range, or otherwise violated the law in imposing Cole's sentence. Accordingly, we will not review the abuse of discretion argument. <u>See</u> 18 U.S.C. § 3742(a) (bases for appeal of sentence by defendant); <u>United States v. Mihm</u>, 13 F.3d 1200, 1205 (8th Cir. 1994) (applying § 3742(a)).

The second <u>Anders</u> brief argument is that Cole was entitled to a downward departure under U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (1997). This argument fails, because Cole did not contend at sentencing that the government had breached any obligation under the plea agreement, and the District Court lacked authority to depart under section 5K1.1 without a government motion. <u>See</u> <u>United States v. Anzalone</u>, No. 97-2932, slip op. at 2 (8th Cir. Jun. 30, 1998).

Upon review of the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no other nonfrivolous issues. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.